UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MARISSA OLSON,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>                   Plaintiff,<br>     v<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>                   Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Marissa Olson [hereinafter "Olson"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3. Olson is a natural person residing at 2 Avalon Court, Ronkonkoma, NY 11779.

4. Olson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. On or about January 10, 2018, Enhanced Recovery sent Olson the letter annexed as Exhibit A. Olson received and read Exhibit A. For the reasons set forth below, Olson's receipt and reading of Exhibit A deprived Olson of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

6. Per statements and references in Exhibit A,  Enhanced Recovery sent Exhibit A to Olson in

an attempt to collect a past due debt.

7. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a Kohl's credit card account by Capital One, N.A. for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A Kohl's credit card account is an account issued to consumers for use at Kohl's and Kohl's sells goods used primarily by consumers primarily for personal, family or household purposes. ERC, via Exhibit A, attempted to collect this past due debt from Olson in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Enhanced Recovery is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Enhanced Recovery possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. Based upon Exhibit A and upon Enhanced Recovery possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Enhanced Recovery is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. On Exhibit A, Enhanced Recovery identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

12. Based upon the allegations in the above three paragraphs, Enhanced Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

14. Exhibit A is the Initial Communication required by 15 U.S. Code § 1692g(a).

15. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor".

16. Setting forth that one entity is the "original creditor" and another entity is the "creditor" amounts to a representation that ownership of or the right to collect the debt was assigned from one entity to another.

17. Upon information and belief and based on Exhibit B, Capital One, N.A. was not the "original creditor", but at all times during which Plaintiff owed this debt, Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4).

18. Based on the above, Defendant violated 15 U.S. Code § 1692g(b).

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

20. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's

Department Stores, Inc. is the "creditor".

21. Setting forth that one entity is the "original creditor" and another entity is the "creditor" amounts to a representation that ownership of or the right to collect the debt was assigned from one entity to another.

22. Upon information and belief and based on Exhibit B, Capital One, N.A. was not the "original creditor", but at all times during which Plaintiff owed this debt, Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4).

23. Based on the above, setting forth in Exhibit A that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor" amounts to a false representation as to the character or legal status of the debt and/or a false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. Based on the above, Defendant violated 15 U.S. Code § 1692e 15 U.S. Code § 1692e(2)(A), 15 U.S. Code § 1692e and/or 15 U.S. Code § 1692e(10) by sending Exhibit A to Plaintiff.

### THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

26. Exhibit A is the Initial Communication required by 15 U.S. Code § 1692g(a).

27. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor".

28. The back of Exhibit A sets forth the following statement:

> "2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice."

29. Upon information and belief and based on Exhibit B, on the date of Exhibit A, Capital One,

N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4) and the creditor to whom the debt is owed.

30. Based on the above, Defendant violated 15 U.S. Code § 1692g(a)(2), 15 U.S. Code § 1692g(b), 15 U.S. Code § 1692e 15 U.S. Code § 1692e(2)(A), 15 U.S. Code § 1692e and/or 15 U.S. Code § 1692e(10) by sending Exhibit A to Plaintiff.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

32. If on the date of Exhibit B Kohl's Department Stores, Inc. rather than Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4) and the creditor to whom the debt is owed, then Defendant violated 15 U.S. Code § 1692g(a)(2), 15 U.S. Code § 1692g(b), 15 U.S. Code § 1692e 15 U.S. Code § 1692e(2)(A), 15 U.S. Code § 1692e and/or 15 U.S. Code § 1692e(10) by sending Exhibit B to Plaintiff.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

34. Exhibit A and/or B amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

36. As a result of sending Exhibit A and/or B to Olson, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

38. The class consists of (a) all natural persons (b) who received a letter from ERC (c) addressed to them at an address in New York State (d) while residing in New York State (e) dated between January 10, 2018 and the present (f) to collect a past due consumer debt resulting a from the use of a Kohl's credit card account issued by Capital One, N.A., (g) in a form materially identical or substantially similar to Exhibit A and/or B.

39. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

41. The predominant common question is whether Defendant's letters violate the FDCPA.

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

43. A class action is the superior means of adjudicating this dispute.

44. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against ERC in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: January 10, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107