UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARISSA OLSON, } | | |
| ON BEHALF OF HERSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| } | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | 2:19-cv-00198-SJF-GRB | |
| } | | |
| ENHANCED RECOVERY COMPANY, LLC } | | |
| } | | |
| Defendant. } | | |

**AMENDED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Marissa Olson [hereinafter "Olson"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3. Olson is a natural person residing at 173 Hampton Avenue, Mastic, NY 11950.

4. Olson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. On or about January 10, 2018, Enhanced Recovery sent Olson the letter annexed as Exhibit A. Olson received and read Exhibit A. For the reasons set forth below, Olson's receipt and reading of Exhibit A deprived Olson of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

6. Per statements and references in Exhibit A, Enhanced Recovery sent Exhibit A to Olson in

an attempt to collect a past due debt.

7. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a Kohl's credit card account by Capital One, N.A. for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges.  A Kohl's credit card account is an account issued to consumers for use at Kohl's and Kohl's sells goods used primarily by consumers primarily for personal, family or household purposes.  ERC, via Exhibit A, attempted to collect this past due debt from Olson in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Enhanced Recovery is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Enhanced Recovery possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. Based upon Exhibit A and upon Enhanced Recovery possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Enhanced Recovery is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. On Exhibit A, Enhanced Recovery identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

12. Based upon the allegations in the above three paragraphs, Enhanced Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

14. Exhibit A is the Initial Communication required by 15 U.S. Code § 1692g(a).

15. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor".

16. Setting forth that one entity is the "original creditor" and another entity is the "creditor" amounts to a representation that ownership of or the right to collect the debt was assigned from one entity to another.

17. A Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A. is governed by an agreement between the person to whom the account is issued and Capital One, N.A. (hereinafter "Agreement").

18. Upon information and belief the terms of this Agreement are identical or substantially similar to the Agreement annexed as Exhibit B.

19. The Agreement contains among other provisions the following provisions which establish the legal relationship between the person to whom the account is issued and Capital One, N.A., between the person to whom the account is issued and Kohl's Department Stores,

Inc., and between Kohl's Department Stores, Inc. and Capital One, N.A.:

"Authorization: When you apply for a Kohl's credit card from Capital One, NA ("Capital One","we", or "us"), you agree to the following:  1. You authorize us to obtain credit bureau reports in connection with your request for an account. If an account is opened, we may obtain credit bureau reports in connection with extensions of credit or the review or collection of your account. If you ask, we will tell you the name and address of each credit bureau from which we obtained a report about you. 2. By using the account or any card, or authorizing their use, you agree to the terms of the Cardmember Agreement. If you open your account in a Kohl's store you acknowledge receipt of this disclosure and a copy of the Cardmember Agreement before your first purchase.

1. Definitions and Card Usage: In this Agreement, the words "you", "your", and "cardmember" refer to each person who applies for the Account and each person who agrees to be liable on the Account. The words "we," 'us," and 'our" refer to Capital One, NA, the creditor and issuer of the Account and any other person to whom this Agreement and/or the Account may be assigned. "Kohl's" means Kohl's Department Stores, Inc., N56 W17000 Ridgewood Dr., Menomonee Falls, Wisconsin 53051. Kohl's is servicing your account on our behalf and is also referred to alone or together with others as an agent. The word "card" means the card issued to you under this Agreement that may be used to make purchases at Kohl's.  You agree that all purchases made using the Account shall be only for personal, family, or household purposes.

3. Promise to Pay and Authorized Users: In return for extending credit to you on this Account from time to time, you agree to pay us for all goods and services you charge to this Account, plus any interest, fees and other charges set forth below, according to the terms of this Agreement.

7. Payments:  Minimum Payment. You must make your Minimum Payment in a way that we receive it by the time and date it is due. … Payment Instructions. You agree to pay us amounts you owe in U.S. dollars. … When we receive or apply a payment, we might not restore your credit line by that amount for up to 15 days. … We may accept a conditional payment and not agree that it pays all amounts you owe on your Account. Also, we may return a conditional payment to you and you will still owe us the amount of the payment or any other amounts owed on your Account.  You authorize us to collect any payment check either electronically or by draft.

12. Default/Collection Costs. You will be in default if you fail to pay any Minimum Payment by the time and date it is due, if you breach any other promise or obligation under this Agreement, if you become incapacitated

or die, or if you file for bankruptcy.

13. Your Credit Limit and Canceling or Limiting Your Credit: We will assign a credit limit to your Account. Your credit limit appears on your Statement. You are responsible for keeping track of your Account balance including any fees and interest charges and making sure it remains below your credit limit. We may but are not required to authorize charges that go over your credit limit. You must pay any amount over your credit limit and you must pay us immediately if we ask you to do so. This Agreement applies to any balance over your credit limit. We may change or cancel your credit limit without telling you ahead of time. If we do, it will not excuse you from your obligations to pay us.

20. Established Business Relationship: You further agree that you have an established business relationship with us and with Kohl's and that we both may contact you from time to time regarding your account and products and services that we or Kohl's believes may be of interest to you. You agree that all such contacts are not unsolicited and may be monitored to assure quality service.

22. Assignment: We may assign your Account, any amounts you owe us, or any of our rights and obligations under this Agreement to a third party. The person to whom we make the assignment will be entitled to any of our rights that we assign to that person. You may not assign this Account.

YOUR RIGHTS IF YOU ARE DISSATISFIED WITH YOUR CREDIT CARD PURCHASES
If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.  To use this right, all of the following must be true:  1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)  2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.  3. You must not yet have fully paid for the purchase. If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing on a separate sheet at the "Send Inquiries To" address shown on your billing statement.  While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent."

20. Upon information and belief, the Agreement between Capital One, N.A. and Olson contained provisions identical or substantially similar to the aforementioned provisions.

21. In addition, when Kohl's Department Stores, Inc. itself through its own efforts attempts to collect balances owed on a Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., it sends out letters such as the letter annexed as Exhibit C.  In these letters, Kohl's Department Stores, Inc., via disclosures which a "debt collector" as defined by the FDCPA is required to place on letters sent in an attempt to collect a debt, identifies itself as a "debt collector".

22. Exhibit D is an attempt by ERC to collect the same debt as the debt set forth in Exhibit A; but Exhibit D sets forth that Capital One, N.A. is the "creditor" and the "original creditor".

23. Upon information and belief, at the time Plaintiff made purchases using the Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., Kohl's Department Stores, Inc. was paid by Capital One, N.A. based on the amount of the purchases; and Capital One, N.A. recoups these payments only when and if the account holder pays the amount purchased with the credit card account.

24. Upon information and belief, based in part on the allegations in paragraphs 17 through 23 of this Amended Complaint, on the date of Exhibit A, Kohl's Department Stores, Inc. was not the "creditor" as defined by 15 U.S. Code § 1692a(4); but, on the date of Exhibit A, Kohl's Department Stores, Inc. was a "debt collector" as defined by the FDCPA.

25. Upon information based in part on the allegations in paragraphs 17 through 22 of this Amended Complaint, Capital One, N.A. was not the "original creditor", but at all times during which Plaintiff owed this debt, Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4).

26. Based on the above, Defendant violated 15 U.S. Code § 1692g(b) by sending Exhibit A to Plaintiff.

## SECOND CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

28. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor".

29. Setting forth that one entity is the "original creditor" and another entity is the "creditor" amounts to a representation that ownership of or the right to collect the debt was assigned from one entity to another.

30. A Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A. is governed by an agreement between the person to whom the account is issued and Capital One, N.A. (hereinafter "Agreement").

31. Upon information and belief the terms of this Agreement are identical or substantially similar to the Agreement annexed as Exhibit B.

32. The Agreement contains among other provisions the following provisions which establish the legal relationship between the person to whom the account is issued and Capital One, N.A., between the person to whom the account is issued and Kohl's Department Stores, Inc., and between Kohl's Department Stores, Inc. and Capital One, N.A.:

> "Authorization: When you apply for a Kohl's credit card from Capital One, NA ("Capital One","we", or "us", you agree to the following:  1. You authorize us to obtain credit bureau reports in connection with your request for an account. If an account is opened, we may obtain credit bureau reports in connection with extensions of credit or the review or collection of your account. If you ask, we will tell you the name and address of each credit bureau from which we obtained a report about you. 2. By using the account or any card, or authorizing their use, you agree to

the terms of the Cardmember Agreement. If you open your account in a Kohl's store you acknowledge receipt of this disclosure and a copy of the Cardmember Agreement before your first purchase.

1. Definitions and Card Usage: In this Agreement, the words "you", "your", and "cardmember" refer to each person who applies for the Account and each person who agrees to be liable on the Account. The words "we," 'us," and 'our" refer to Capital One, NA, the creditor and issuer of the Account and any other person to whom this Agreement and/or the Account may be assigned. "Kohl's" means Kohl's Department Stores, Inc., N56 W17000 Ridgewood Dr., Menomonee Falls, Wisconsin 53051. Kohl's is servicing your account on our behalf and is also referred to alone or together with others as an agent. The word "card" means the card issued to you under this Agreement that may be used to make purchases at Kohl's. You agree that all purchases made using the Account shall be only for personal, family, or household purposes.

3. Promise to Pay and Authorized Users: In return for extending credit to you on this Account from time to time, you agree to pay us for all goods and services you charge to this Account, plus any interest, fees and other charges set forth below, according to the terms of this Agreement.

7. Payments:  Minimum Payment. You must make your Minimum Payment in a way that we receive it by the time and date it is due. … Payment Instructions. You agree to pay us amounts you owe in U.S. dollars. … When we receive or apply a payment, we might not restore your credit line by that amount for up to 15 days. … We may accept a conditional payment and not agree that it pays all amounts you owe on your Account. Also, we may return a conditional payment to you and you will still owe us the amount of the payment or any other amounts owed on your Account.  You authorize us to collect any payment check either electronically or by draft.

12. Default/Collection Costs. You will be in default if you fail to pay any Minimum Payment by the time and date it is due, if you breach any other promise or obligation under this Agreement, if you become incapacitated or die, or if you file for bankruptcy.

13. Your Credit Limit and Canceling or Limiting Your Credit: We will assign a credit limit to your Account. Your credit limit appears on your Statement. You are responsible for keeping track of your Account balance including any fees and interest charges and making sure it remains below your credit limit. We may but are not required to authorize charges that go over your credit limit. You must pay any amount over your credit limit and you must pay us immediately if we ask you to do so. This Agreement applies to any balance over your credit limit. We may change or cancel

your credit limit without telling you ahead of time. If we do, it will not excuse you from your obligations to pay us.

20. Established Business Relationship: You further agree that you have an established business relationship with us and with Kohl's and that we both may contact you from time to time regarding your account and products and services that we or Kohl's believes may be of interest to you. You agree that all such contacts are not unsolicited and may be monitored to assure quality service.

22. Assignment: We may assign your Account, any amounts you owe us, or any of our rights and obligations under this Agreement to a third party. The person to whom we make the assignment will be entitled to any of our rights that we assign to that person. You may not assign this Account.

YOUR RIGHTS IF YOU ARE DISSATISFIED WITH YOUR CREDIT CARD PURCHASES
If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, all of the following must be true: 1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.) 2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify. 3. You must not yet have fully paid for the purchase. If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing on a separate sheet at the "Send Inquiries To" address shown on your billing statement. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent."

33. Upon information and belief, the Agreement between Capital One, N.A. and Olson contained provisions identical or substantially similar to the aforementioned provisions.

34. In addition, when Kohl's Department Stores, Inc. itself through its own efforts attempts to collect balances owed on a Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., it sends out letters such as the letter annexed as Exhibit C. In these

letters, Kohl's Department Stores, Inc., via disclosures which a "debt collector" as defined by the FDCPA is required to place on letters sent in an attempt to collect a debt, identifies itself as a "debt collector".

35. Exhibit D is an attempt by ERC to collect the same debt as the debt set forth in Exhibit A; but Exhibit D sets forth that Capital One, N.A. is the "creditor" and the "original creditor".

36. Upon information and belief, at the time Plaintiff made purchases using the Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., Kohl's Department Stores, Inc. was paid by Capital One, N.A. based on the amount of the purchases; and Capital One, N.A. recoups these payments only when and if the account holder pays the amount purchased with the credit card account.

37. Upon information and belief, based in part on the allegations in paragraphs 30 through 36 of this Amended Complaint, on the date of Exhibit A, Kohl's Department Stores, Inc. was not the "creditor" as defined by 15 U.S. Code § 1692a(4); but, on the date of Exhibit A, Kohl's Department Stores, Inc. was a "debt collector" as defined by the FDCPA.

38. Upon information based in part on the allegations in paragraphs 29 through 34 of this Amended Complaint, Capital One, N.A. was not the "original creditor", but at all times during which Plaintiff owed this debt, Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4).

39. Based on the above, setting forth in Exhibit A that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor" amounts to a false representation as to the character or legal status of the debt and/or a false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Based on the above, Defendant violated 15 U.S. Code § 1692e 15 U.S. Code §

1692e(2)(A), and/or 15 U.S. Code § 1692e(10) by sending Exhibit A to Plaintiff.

### THIRD CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

42. Exhibit A is the Initial Communication required by 15 U.S. Code § 1692g(a).

43. Exhibit A sets forth that Capital One, N.A. is the "original creditor" and that Kohl's Department Stores, Inc. is the "creditor".

44. The back of Exhibit A sets forth the following statement:

> "2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice."

45. A Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A. is governed by an agreement between the person to whom the account is issued and Capital One, N.A. (hereinafter "Agreement").

46. Upon information and belief the terms of this Agreement are identical or substantially similar to the Agreement annexed as Exhibit B.

47. The Agreement contains among other provisions the following provisions which establish the legal relationship between the person to whom the account is issued and Capital One, N.A., between the person to whom the account is issued and Kohl's Department Stores, Inc., and between Kohl's Department Stores, Inc. and Capital One, N.A.:

> "Authorization: When you apply for a Kohl's credit card from Capital One, NA ("Capital One","we", or "us", you agree to the following:  1. You authorize us to obtain credit bureau reports in connection with your request for an account. If an account is opened, we may obtain credit bureau reports in connection with extensions of credit or the review or collection of your account. If you ask, we will tell you the name and address of each credit bureau from which we obtained a report about you. 2. By using the account or any card, or authorizing their use, you agree to the terms of the Cardmember Agreement. If you open your account in a

Kohl's store you acknowledge receipt of this disclosure and a copy of the Cardmember Agreement before your first purchase.

1. Definitions and Card Usage: In this Agreement, the words "you", "your", and "cardmember" refer to each person who applies for the Account and each person who agrees to be liable on the Account. The words "we," 'us," and 'our" refer to Capital One, NA, the creditor and issuer of the Account and any other person to whom this Agreement and/or the Account may be assigned. "Kohl's" means Kohl's Department Stores, Inc., N56 W17000 Ridgewood Dr., Menomonee Falls, Wisconsin 53051. Kohl's is servicing your account on our behalf and is also referred to alone or together with others as an agent. The word "card" means the card issued to you under this Agreement that may be used to make purchases at Kohl's. You agree that all purchases made using the Account shall be only for personal, family, or household purposes.

3. Promise to Pay and Authorized Users: In return for extending credit to you on this Account from time to time, you agree to pay us for all goods and services you charge to this Account, plus any interest, fees and other charges set forth below, according to the terms of this Agreement.

7. Payments: Minimum Payment. You must make your Minimum Payment in a way that we receive it by the time and date it is due. … Payment Instructions. You agree to pay us amounts you owe in U.S. dollars. … When we receive or apply a payment, we might not restore your credit line by that amount for up to 15 days. … We may accept a conditional payment and not agree that it pays all amounts you owe on your Account. Also, we may return a conditional payment to you and you will still owe us the amount of the payment or any other amounts owed on your Account. You authorize us to collect any payment check either electronically or by draft.

12. Default/Collection Costs. You will be in default if you fail to pay any Minimum Payment by the time and date it is due, if you breach any other promise or obligation under this Agreement, if you become incapacitated or die, or if you file for bankruptcy.

13. Your Credit Limit and Canceling or Limiting Your Credit: We will assign a credit limit to your Account. Your credit limit appears on your Statement. You are responsible for keeping track of your Account balance including any fees and interest charges and making sure it remains below your credit limit. We may but are not required to authorize charges that go over your credit limit. You must pay any amount over your credit limit and you must pay us immediately if we ask you to do so. This Agreement applies to any balance over your credit limit. We may change or cancel your credit limit without telling you ahead of time. If we do, it will not

excuse you from your obligations to pay us.

20. Established Business Relationship: You further agree that you have an established business relationship with us and with Kohl's and that we both may contact you from time to time regarding your account and products and services that we or Kohl's believes may be of interest to you. You agree that all such contacts are not unsolicited and may be monitored to assure quality service.

22. Assignment: We may assign your Account, any amounts you owe us, or any of our rights and obligations under this Agreement to a third party. The person to whom we make the assignment will be entitled to any of our rights that we assign to that person. You may not assign this Account.

YOUR RIGHTS IF YOU ARE DISSATISFIED WITH YOUR CREDIT CARD PURCHASES

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, all of the following must be true: 1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.) 2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify. 3. You must not yet have fully paid for the purchase. If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing on a separate sheet at the "Send Inquiries To" address shown on your billing statement. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent."

48. Upon information and belief, the Agreement between Capital One, N.A. and Olson contained provisions identical or substantially similar to the aforementioned provisions.

49. In addition, when Kohl's Department Stores, Inc. itself through its own efforts attempts to collect balances owed on a Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., it sends out letters such as the letter annexed as Exhibit C. In these

letters, Kohl's Department Stores, Inc., via disclosures which a "debt collector" as defined by the FDCPA is required to place on letters sent in an attempt to collect a debt, identifies itself as a "debt collector".

50. Exhibit D is an attempt by ERC to collect the same debt as the debt set forth in Exhibit A; but Exhibit D sets forth that Capital One, N.A. is the "creditor" and the "original creditor".

51. Upon information and belief, at the time Plaintiff made purchases using the Kohl's Department Stores, Inc. credit card account issued by Capital One, N.A., Kohl's Department Stores, Inc. was paid by Capital One, N.A. based on the amount of the purchases; and Capital One, N.A. recoups these payments only when and if the account holder pays the amount purchased with the credit card account.

52. Upon information and belief, based in part on the allegations in paragraphs 45 through 51 of this Amended Complaint, on the date of Exhibit A, Kohl's Department Stores, Inc. was not the "creditor" as defined by 15 U.S. Code § 1692a(4); but, on the date of Exhibit A, Kohl's Department Stores, Inc. was a "debt collector" as defined by the FDCPA.

53. Upon information based in part on the allegations in paragraphs 45 through 51 of this Amended Complaint, on the date of Exhibit A, Capital One, N.A. was the actual "creditor" as defined by 15 U.S. Code § 1692a(4) and the creditor to whom the debt is owed.

54. Based on the above, Defendant violated 15 U.S. Code § 1692g(a)(2), 15 U.S. Code § 1692g(b), 15 U.S. Code § 1692e 15 U.S. Code § 1692e(2)(A), 15 U.S. Code § 1692e and/or 15 U.S. Code § 1692e(10) by sending Exhibit A to Plaintiff.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

56. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

58. As a result of sending Exhibit A to Olson, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

60. The class consists of (a) all natural persons (b) who received a letter from ERC (c) addressed to them at an address in New York State (d) while residing in New York State (e) dated between January 10, 2018 and the present (f) to collect a past due consumer debt resulting a from the use of a Kohl's credit card account issued by Capital One, N.A., (g) in a form materially identical or substantially similar to Exhibit A.

61. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

63. The predominant common question is whether Defendant's letters violate the FDCPA.

64. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

65. A class action is the superior means of adjudicating this dispute.

66. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against ERC in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:           February 19, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107