FILED
CLERK
2/19/2020 12:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARISSA OLSON,
on behalf of herself and
all others similarly situated,

                    Plaintiff,

      -against-

ENHANCED RECOVERY CO., LLC,

                    Defendant.
------------------------------------------------------X

**MEMORANDUM & ORDER**
19-cv-0198 (SJF)(ARL)

FEUERSTEIN, District Judge:

I.    Introduction

Plaintiff Marissa Olson ("Plaintiff" or "Olson") commenced this action against defendant Enhanced Recovery Company, LLC ("Defendant" or "ERC"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See* Amended Complaint, ECF No. 11.) Presently before the Court is ERC's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereafter, "Motion") (*see* ECF No. 17; *see also* Support Memo (ECF No. 18)), which Plaintiff opposes. (*See* ECF No. 20 (hereafter, the "Opposition" or "Opp'n").) For the reasons that follow, the Motion is granted.

II.    Background

    *A. Factual History*[1]

Plaintiff is a consumer residing in Mastic, New York. Defendant, a Delaware limited liability corporation and a New York foreign limited liability corporation, is engaged in debt collection and does so on behalf of Kohl's Department Stores, Inc. (hereafter, "Kohl's").

---

[1] The factual allegations in the Amended Complaint are assumed to be true for purposes of this Memorandum & Order; they do not constitute findings of fact by the Court.

Plaintiff had a Kohl's credit card that was issued by Capital One, N.A. (herafter, "Capital One") and which she used to make purchases. ERC sent a dunning letter to Plaintiff on January 10, 2018 (hereafter, the "First Letter") in an attempt to collect a past due debt, which began with the following information:

| | | |
|---|---|---|
| Creditor: | Kohl's Department Stores, Inc. | Original Balance: $1,224.33 |
| Original Creditor: | Capital One, N.A. | Interest Accrued: N/A |
| Re: Your Kohl's Credit Card Account: XXXXXXXX6652 | | Non-interest Charges & Fees: N/A |
| Amount of Debt: | $1,224.33 | Payments: -$0.00 |
| Reference Number: | 188075340 | |
| Settlement Amount: | $612.17 | |

(First Letter (ECF No. 11-1) at 1.) Thereafter, ERC presented a "Settlement Opportunity" prefacing it by stating, "Our records indicate that your balance with Kohl's Department Stores, Inc. remains unpaid; therefore your account has been placed with ERC for collection efforts." (*Id.*)

On February 22, 2018, ERC sent a second dunning letter to Plaintiff (hereafter, the "Second Letter"; together with the Frist Letter, the "Letters") prefaced with nearly identical information, *to wit*:

| | | |
|---|---|---|
| Creditor: | Capital One, N.A. | Original Balance: $1,224.33 |
| Original Creditor: | Capital One, N.A. | Interest Accrued: N/A |
| Re: Your Kohl's Credit Card Account: XXXXXXXX6652 | | Non-interest Charges & Fees: N/A |
| Amount of Debt: | $1,224.33 | Payments: -$0.00 |
| Reference Number: | 188075340 | |
| Settlement Amount: | $612.17 | |

(Second Letter (ECF No. 11-4) at 1.) The only difference in the introductory information in the Second Letter was that Capital One was identified as the "Creditor". (*Cf.*, Second Letter *with* First Letter.) ERC offered Plaintiff the same "Settlement Opportunity" presented in its First Letter. (*See id.* ("Our records indicate that your balance with Kohl's Department Stores, Inc. remains unpaid; therefore your account has been placed with ERC for collection efforts.").)

2

*B. Procedural History*

On January 10, 2019, Olson commenced this action against ERC (*see* Complaint (ECF No. 1)); she amended her Complaint on February 19, 2019 (*see* Amended Complaint (ECF No. 11)), alleging breaches of: §1692g(b) of the FDCPA on the theory that Kohl's was not a "creditor" as defined pursuant to §1692a(4) (*see id.*, First Cause of Action, ¶¶13-26); §1692e(2)(A) and/or §1692e(10) of the FDCPA on the basis that Kohl's was identified as "Creditor" in the First Letter, but that Capital One was identified as the "Creditor" in the Second Letter (*see id.*, Second Cause of Action, ¶¶27-40); and, §§1692g(a) (2) & (b), and §§1692e, (2)(A), & (10) of the FDCPA on the grounds that when the First Letter was sent Kohl's was not a "creditor" but a "debt collector" and Capital One was the actual "creditor" (*see id.*, Third Cause of Action, ¶¶ 41-54).[2]

On February 26, 2019, Defendant answered Plaintiff's Amended Complaint; while it generally denied Plaintiff's allegations, ERC did admit that: in the First Letter Kohl's was identified as the "Creditor" and Capital One was identified as the "Original [C]reditor" (*see* Answer, ¶¶15, 28, 43); and that in the Second Letter Capital One was identified as both the "Creditor" and "Original Creditor" (*see id*, ¶¶22, 35, 50). Further, ERC raised several affirmative defenses (*see id.* at 12-13) and made a claim for attorneys' fees pursuant to §1692k(a)(3) of the FDCPA (*see id.* at 13). Thereafter, on May 28, 2019, ERC moved for judgment on the pleadings pursuant to Rule 12(c).

---

[2] Plaintiff has subsequently abandoned her Fourth and Fifth Causes of Action; therefore, the Court will not address them. (*See* Opp'n at 15 ("Plaintiff withdraws the remaining causes of action.").)

### C. The Parties' Positions

ERC contends that Olsen's claims that the Letters misrepresent the creditor on her overdue Kohl's brand credit card account are "ill-founded because Kohl's and Capital One both served as creditors on the account, as previously and expressly recognized by this Court." (Support Memo at (unnumbered) 1 (ECF No. 18 at 5).) Hence Olson's Amended Complaint should be dismissed because each of her claims "*hinge on Ms. Olson's legal conclusion that Kohl's was not a creditor* on the Kohl's-brand credit card account" (*id.* at 5 (emphasis in original)), which argument this Court previously rejected in *Bryan v. Credit Control, LLC*, No. 18-cv-0865, 2018 WL 6520730 (E.D.N.Y. Dec. 11, 2018)(hereafter, "*Bryan Report*"), *report & recommendation adopted by* 2019 WL 166100 (E.D.N.Y. Jan. 9, 2019). (*See id.* at 6 (quoting *Bryan Report*, 2018 WL 6520730, at \*4 (finding Kohl's met the definition of creditor under the FDCPA)).) More particularly, ERC argues that Plaintiff does not allege a § 1692g violation since "Kohl's is a creditor on the account and Ms. Olson has not sufficiently alleged otherwise." (*Id.* at 11.) It contends that the First Letter referred to Kohl's as "Creditor" and that Letter is "clearer than the letter in *Bryan*, which referred to Kohl's merely as the collector's 'client'," and which letter this Court found did not violate § 1692(g). (*Id.* at 14.) Similarly, ERC maintains it did not violate § 1692e of the FDCPA by representing Kohl's as a creditor of Olson's account since, as this Court found, Kohl's is such a creditor. (*See id.* at 15 ("[I]t is wholly accurate to notify Kohl's-brand credit card account holders that Kohl's is the creditor to whom the account is owed. After finding Kohl's to be a creditor on the Kohl's-brand credit card, the *Bryan* court similarly rejected a claim asserted under section 1692e of the [FDCPA]."); *see also id.* at 16-17 ("[E]ven the least sophisticated consumer would understand that ERC's letter sought to collect on an overdue obligation owed on the recipient's Kohl's-brand credit card account with account

4

number ending in 6652.").) Finally, relying upon the Second Circuit's recent explicit adoption of a materiality requirement in asserting §1692e violations, ERC contends that to the extent there was any misrepresentation as to whom the debt was owed, it is not actionable under the FDCPA because such alleged misrepresentation does not have the potential of adversely affecting Plaintiff's decision-making process vis-à-vis paying the amount due on her Kohl's-brand credit card account. (*See id.* at 18 (citing *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85-88 (2d Cir. 2018); *see also id.* at 19-20 ("[T]here is no possibility that identification of Kohl's as the creditor would prevent Ms. Olson, or a similarly situated consumer, from knowing to whom she should make payments to satisfy the amounts owing on the Kohl's-brand credit card.").)

In opposition, Plaintiff advances the argument that because the Second Letter named Capital One as the "Creditor", that "amounts to an admission that [the First] Letter . . . incorrectly named [Kohl's as] the creditor." (Opp'n at 1.) In support of that position, Plaintiff relies upon the Cardmember Agreement between herself and Capital One, to which she agreed to be bound when she applied for and used her Kohl's-brand credit card. (*See id.* at 3-4, 6 (citing to Cardmember Agreement, *attached as* Ex. B (ECF No. 11-2) to Amended Complaint).) Olson asserts that since Kohl's serviced the subject account, it cannot also be considered a creditor. (*See id.* at 10.) Further, Plaintiff contends that as to her claimed § 1692g violations, she need not show a violation that is material in nature. (*See id.* at 11-13 (quoting, *inter alia*, *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016)).) Finally, Olson argues that her §1692e claim is one of "misidentification of the 'creditor'," which she implies is a material FDCPA violation. (*See id.* at 14 ("If Plaintiff is correct that Capital One, N.A. was always the one and only creditor, then setting forth Capital One, N.A. [a]s the 'original creditor' and Kohl's . . . [a]s the 'creditor' is a false statement. Whether or not a debt has been assigned

from one entity to another thereby giving the alleged assignor a right to collect the debt certainly goes to the character or legal status of the debt." (citing *Meintzinger v. Sortis Holdings, Inc.*, No. 18-cv-2042, 2019 WL 1471338 (E.D.N.Y. Apr. 3, 2019)).)

III.   Discussion

   A. *Motion for Judgment on the Pleadings*

When reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), a court applies the same standard as used when analyzing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)("[T]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Olivia v. City of N.Y.*, No. 14-cv-4966, 2015 WL 4645271, at *2 (E.D.N.Y. Aug. 4, 2015). Thus, a court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Kirkendall v. Haliburton*, 707 F.3d 173, 178-79 (2d Cir. 2013)("We review a judgment under [Rule] 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor."). "Although the Court is 'confined to the allegations . . . of the complaint . . . [it] may also consider documents attached to the complaint as an exhibit or incorporated in it by reference.'" *Bryan Report*, 2018 WL 6520730, at * 2 (quoting *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017))(modifications in *Bryan Report*). Hence, "if, from the pleadings, the moving party is entitled to judgment as a matter of law," the Rule 12(c) motion should be granted. *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010)(further citation omitted).

*B. The FDCPA*

1. <u>Generally</u>

Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). The statute should be construed liberally. *See Katz v. Sharinn & Lipshie*, PC, 12-cv-2440, 2013 WL 4883474, *1 (E.D.N.Y. Sept. 11, 2013)(collecting cases); *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (instructing that debt collection letters are to be analyzed as a whole). To establish a violation of the FDCPA, a plaintiff must establish that: "(1) the plaintiff is a consumer within the meaning of the [A]ct; (2) the defendant is a debt collector; and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Fin'l*, No. 13-cv-1006, 2015 WL 520346, *3 (E.D.N.Y. Feb. 9, 2015) (internal quotation marks and citation omitted). The FDCPA "is a strict liability statute and a single violation is sufficient to establish liability." *Gonzalez v. Healthcare Recovery Mgmt., Inc.*, No. 13-cv-1002, 2013 WL 4851709, *2 (E.D.N.Y. Sept. 10, 2013); *see also Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 133-35 (2d Cir. 2010).

2. <u>The "Least Sophisticated Consumer" Standard</u>

In the Second Circuit, when analyzing whether a communication violates the FDCPA, "courts apply an objective standard based on the 'least sophisticated consumer.'" *Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *see also Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019); *Ellis,* 591 F.3d at 135 (same). The "least sophisticated consumer"

standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *DeSantis v. Comp. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax*, 74 F.3d 30, 34 (2d Cir. 1996)). Therefore, courts "must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *Dewees*, 506 F. Supp.2d at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp.2d 150, 156 (E.D.N.Y. 2005)); *see also Kolbasyuk*, 918 F.3d at 239. Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp.2d 214, 216 (E.D.N.Y. 2009) (internal quotation omitted). Thus, a collection letter may violate the FDCPA if it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Serving, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (including communications which are "contradictory, vague or threatening" as possibly violating the FDCPA). "Because the least sophisticated consumer standard is objective, the determination of whether a statement is false or misleading is a 'question of law' [that can be resolved] on a motion to dismiss." *Bryan v. I.C. Systems, Inc.*, No. 15-cv-6984, 2017 WL 9485658, at *5 (E.D.N.Y. Aug. 28, 2017)(quoting *Corcia v. Asset Acceptance, LLC*, No. 13-cv-6404, 2014 WL 3656049, at *4 (E.D.N.Y. July 22, 2014); and citing *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp.2d 434, 437 (E.D.N.Y. 2014)), *report & recommendation adopted by* 2017 WL 4326041 (E.D.N.Y. Sept. 28, 2017)).

3. § 1692g

Section 1692g of the FDCPA addresses a debt collector's debt validation obligations. *See* 15 U.S.C. § 1692g. That section lists the "minimum disclosures required in an initial communication."[3] *Kolbasyuk v. Capital Mgmt. Servs., LP*, No. 17-cv-7499, 2018 WL 1785489, at *2 (E.D.N.Y. Apr. 14, 2018). Among other things, "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the *name of the creditor to whom the debt is owed*." 15 U.S.C. § 1692g(a)(2) (emphasis added). "Thus, the Court must 'assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter . . . .'" *Bryan Report*, 2018 WL 6520730, at * 3 (quoting *Dewees*, 506 F. Supp.2d at 132; further citation omitted).

4. § 1692e

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Although § 1692e identifies certain conduct that is considered "false, deceptive, or misleading," the list is non-exhaustive. *Id.*; *see also Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 464 (E.D.N.Y. 1995) ("The sixteen subsections of § 1692e set forth a nonexhaustive list of practices that fall within this ban.").

> "Section 1692e mainly targets practices that take advantage of a debtor's naivete or lack of legal acumen." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 136 (2d Cir.

---

[3] The *Kolbasyuk* Court also instructed that disclosures must also comply with § 1692e. *See Kolbasyuk*, 2018 WL 1785489, at *2 ("The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector.").

> 2017). "A representation is 'deceptive' under [§] 1692e if it is 'open to more than one *reasonable* interpretation, at least one of which is inaccurate.'" *Id.* at 135 (quoting *Easterling*, 692 F.3d at 233)[(emphasis added)].
>
> Even if a representation is deceptive within the meaning of § 1692e, it must be a material misrepresentation in order to give rise to liability. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order) (collecting citations recognizing that courts generally read a materiality requirement into the FDCPA's prohibition on false, deceptive, or misleading debt collection practices); *see also Lane v. Fein, Such & Crane LLP*, 767 F. Supp.2d 382, 389–90 (E.D.N.Y. 2011) (finding that a misstatement was "not materially false or misleading" under the FDCPA). "The materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'" *Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F.3d 75, 86 (2d Cir. 2018). Accordingly, "'mere technical falsehoods that mislead no one' are immaterial" and do not give rise to liability under § 1692e. *Id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

*Navon v. Schachter Portnoy, L.L.C.*, No. 19-cv-63, 2019 WL 4306403, at *3 (E.D.N.Y. Sept. 11, 2019); *see also Gissendanner v. Enhanced Recovery Co., LLC*, No. 18-3842-cv, -- F. App'x --, 2019 WL 5688214, at *2 (2d Cir. Nov. 4, 2019) ("We have also recently held that § 1692e incorporates a materiality requirement." (citing *Cohen*, 897 F.3d at 85-86)).

C. *The Present Case*

To the extent Plaintiff bases her claims on the contention that Kohl's is not a creditor to whom her debt is owed, this Court has already rejected that argument.

In the *Bryan Report*, Magistrate Judge Locke was presented with claimed violations of the FDCPA based upon a collection letter regarding a debt generated with a Kohl's-brand credit card issued by Chase Bank.[4] (hereafter, the "Bryan Letter"). *See Bryan Report*, 2018 WL

---
[4] "Kohl's credit cards were issued by Chase Bank until 2011, and since then by Capital One Bank . . . ." *Bryan Report*, 2018 WL 6520730, at *1.

6520730, at *1.  Kohl's was identified as the debt collector's "Client" in the Bryan Letter, with Chase Bank being identified as the "Original Credit Grantor".  *See id.*  The Letter also provided Bryan's "Client Account #" with four digits.  *See id.*  Notwithstanding the debt collector's identifications, Magistrate Judge Locke found Kohl's fell within the parameters of §1692a(4), the FDCPA section defining "creditor", since it

> is the entity offering credit accounts to its customers, including Plaintiff, and . . . facilitating the incurrence of monetary obligations through transactions by consumers exclusively at its stores.  Moreover, Kohl's is responsible for collecting the monies owed as a result of the debts it creates.  Accordingly, Kohl's qualifies as a creditor under the FDCPA regardless of whether it ultimately owns the resulting debts.

*Id.*  As a result, Magistrate Judge Locke found no violation of § 1692g(a)(2), since the reference to Kohl's in the Bryan Letter as the debt collector's "client complied with the FDCPA's required inclusion of 'the name of the creditor to whom the debt is owed'." *Id.* at *5.  For substantially the same reason, no violation of § 1692e was found, *i.e.*, Kohl's was adequately identified as the creditor in the Bryan Letter thereby "undermining any allegation of misleading conduct." *Id.*  Of note, in analyzing the Bryan Letter, Magistrate Judge Locke stated:

> the least sophisticated consumer would understand that the [Bryan] Letter is asserting Kohl's as the creditor and is attempting to collect the Debt incurred using Bryan's Kohl's credit card.  The [Bryan] Letter lists Kohl's as [the debt collector's] "Client," includes a "*Client* Account #" number, and states that [the debt collector] is writing with options to pay off the referenced "*account.*" . . . Any confusion potentially caused by the inclusion of Chase Bank . . . as the "Original Credit Grantor" is negated by the inclusion of the client account number and content addressing payment of that account.

*Id.* at *5 (citing *Wright v. Phillips & Cohen Assocs.*, No. 12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014)).

Overruling the plaintiff's objections, this Court explicitly adopted Magistrate Judge Locke's Report, stating, *inter alia*:

> Magistrate Judge Locke correctly found . . . that Kohl's is the 'creditor to whom the debt is owed' within the meaning of 15 U.S.C. § 1692g(a)(2); and that the least sophisticated consumer, reading the [Bryan L]etter as a whole and having the background knowledge of the underlying debt incurred, would understand that the letter refers to the recipient's Kohl's credit card account and that Kohl's is the name of the creditor to whom the debt is owed.

*Bryan*, 2019WL 166100, at *2 (further stating that M.J. Locke "correctly found" plaintiff's § 1692e claim failed as a matter of law).

Given this Court's adoption of the *Bryan Report* in its entirety, Plaintiff's argument in opposition to ERC's Motion, *i.e.*, that Kohl's is not a creditor within the meaning of the FDCPA, was already debunked before made. Having already found that Kohl's is a creditor within the context of the FDCPA for the reasons thoroughly articulated by Magistrate Judge Locke in the *Bryan Report*, 2018 WL 6520730, at *4; *see also id.* at *5, which reasoning is adopted and incorporated by reference herein, in conjunction with consideration of the subject Letters, *e.g.*, Kohl's being labeled as Plaintiff's "Creditor" in the First Letter; the explicit reference of "Your *Kohl's* Credit Card Account: XXXXXXXX665" (emphasis added); and, the introductory sentence of ERC's settlement offer, *i.e.*, that its collection efforts are directed at Plaintiff's "balance with Kohl's Department Stores, Inc. [which] remains unpaid", the Court finds Olson has not alleged any FDCPA violations pursuant to §§ 1692g or 1692e.

Plaintiff's other argument that ERC's Second Letter is misleading because of its inconsistency with the First Letter, *i.e.*, the Second Letter identified Capital One as both "Creditor" and "Original Creditor" whereas the First Letter identified Kohl's as the "Creditor" and Capital One as the "Original Creditor", is equally unpersuasive. First, since the Second

Letter is a subsequent communication from ERC, it is not an initial communication from a debt collector. This Court has already ruled "that § 1692e does not impose any obligation to disclose the creditor's name" in a subsequent dunning letter. *See Campagna v. Client Servs., Inc.*, No. 18-cv-3039, 2019 WL 6498171, at *9 (E.D.N.Y. Dec. 3, 2019) (citation omitted); *see also id.* at *8. Even if that were not so, as stated *supra*, both Letters clearly referenced Plaintiff's "Kohl's Credit Card Account", including the unique account number associated with Plaintiff's account, *see Taylor v. MRS BPO, LLC*, No. 17-cv-1733, 2017 WL 2861785, at*3 (E.D.N.Y. July 5, 2017) ("Even an unsophisticated consumer could match the last four digits of the account number to her former credit card and recognize that the "CLIENT ACCT#' referred to her account with the creditor]."), as well as specifically stated that ERC is attempting to collect money due to Kohl's. (*Cf.*, First Letter *with* Second Letter.) Nor is the inconsistent labeling of the "Creditor" in the two Letters misleading given both Letters contain the same salient information regarding Kohl's. Any technical violation of § 1692e is ameliorated by the inclusion of the Kohl's information, which eviscerates the potential for the least sophisticated consumer to be frustrated in her ability to intelligently choose her response to said Letters; hence such violation is immaterial. *See Cohen*, 897 F.3d at 85 (quoting, *inter alia*, *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3rd Cir. 2015) ("[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer].")). Indeed, as this and other courts have concluded:

> even the least sophisticated consumer, armed with the knowledge that she has a [Kohl's] credit card, is not as lacking in financial acumen as [P]laintiff contends, and no reasonable jury could find otherwise. If she is able to fill out the [Kohl's] credit card application, she is able to comprehend that a reference line in a collection letter to [Kohl's] refers to her [Kohl's] credit card, especially when she has used it to charge thousands of dollars in purchases.

13

*Campagna*, 2019 WL 6498171, at *8 (block quoting *Ocampo v. Client Servs., Inc.*, No. 18-cv-4326, 2019 WL 2881422, at *1 (E.D.N.Y. July 3, 2019)); *see also Stehly v. Client Servs., Inc.*, No. 18-cv-5103, 2019 WL 2646664, at *4-5 (E.D.N.Y. June 27, 2019)(same). In sum, neither of ERC's Letters have the potential to mislead the least sophisticated consumer as to whom the subject debt is owed.

The Court has considered Plaintiff's remaining arguments and finds them to be without merit.

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED; the Clerk of Court is directed to enter judgment in Defendant's favor and then close this case.

The March 2, 2020 Status Conference is marked off the Court's calendar.

SO ORDERED this 19th day of February 2020 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge